IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SCOTT PRITCHARD, #56318-019**                                         **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO. 5:09-cv-15-DCB-MTP**

**BRUCE PEARSON, Warden**                                         **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Trout, an inmate at the Federal Correctional Complex (FCC)-Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on February 9, 2009. The named Respondent is Bruce Pearson, Warden at FCC-Yazoo City. After reviewing the Petition [1] and Response [6] submitted, the Court has come to the following conclusions.

### Background

On December 13, 2005, Petitioner pled guilty to possession with intent to distribute methamphetamine before the United States District Court for the Northern District of Georgia. Petitioner was sentenced to serve sixty- three months in the custody of the Bureau of Prisons (BOP), followed by a three-year term of supervised release. On June 20, 2008, Petitioner's original sentence of incarceration was reduced to fifty-five months. *See Amended Judgment and Commitment* [document 11], 1:05cr592 (N. D. GA. June 20, 2008).

Petitioner claims that the BOP has unconstitutionally classified him as ineligible for a sentence reduction, under 18 U.S.C. § 3621(e), for his completion of the BOP's Residential Drug

Abuse Treatment Program ("RDAP").[1] Petitioner states that he is currently participating in a Residential Drug Abuse Program and should complete the program on June 17, 2009.

Specifically, Petitioner asserts that the BOP is denying him eligibility for a sentence reduction because his sentence contains a two- point enhancement for possession of a weapon at the time of his offense. Petitioner contends that this action by the BOP violates his rights under the Equal Protection Clause, the Due Process Clause, and the Administrative Procedure Act. As relief, Petitioner is requesting a court order deeming him eligible for a sentence reduction and a one-year sentence reduction.

## Analysis

According to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons *may* reduce sentences for inmates with convictions for nonviolent offenses up to one year when they successfully complete a treatment program. In examining the statutory language of § 3621(e)(2)(B), the United States Supreme Court has made clear, that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau has the authority, *but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001)(emphasis added). Simply put, the Petitioner does not have a constitutionally protected right to early release under § 3621(e). *Warren v. Miles,* 230 F.3d 688, 693-694 (5th Cir. 2000)(claims regarding BOP's discretionary power to deny prisoner consideration for early release under section 3621(e) precluded by circuit law); *Wottlin v. Fleming*, 136 F.3d 1032, 1035

---

[1]"The RDAP program exist pursuant to a statute that grants discretion to the BOP to provide alternative conditions of confinement for prisoners who have completed the program. 18 U.S.C.§ 3621(e)(2)(A). In addition, upon completion of the program the prisoner's sentence 'may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.' 18 U.S.C. § 3621(e)(2)(B)." *Richardson v. Joslin*, 501 F.3d 415, 417, n.1 (5th Cir. 2007).

(5th Cir.1998)(determined Congress intended to leave sentence reduction eligibility under section 3621(e)(2)(B) to the BOP's discretion and that the BOP could reasonably exclude whole categories of inmates from consideration); *Vengas v. Henman*, 126 F.3d 760, 765 (5th Cir.1997)(exclusion of a prisoner from early release consideration because of a sentence enhancement for possession of a weapon "[w]as consistent with the letter and spirit of [BOP]'s authority as derived from section 3621(e)"). Nonetheless, this Court will specifically address the Petitioner's three claims for relief.

In order for the Petitioner to be entitled to procedural due process, a protected "liberty interest that the prison action implicated or infringed" must exist. *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007)(*citing Meachum v. Fano*, 427 U.S. 215, 223-224 (1976)). The Fifth Circuit has clearly articulated that the "Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP," nor does "any statute or regulation." *Richardson,* 501 F.3d. at 419-420. Furthermore, the Fifth Circuit has consistently held that inmates do not have a protected liberty interest in receiving a sentence reduction pursuant to § 3621(e)(2)(B) upon completion of an RDAP. *Id*. at 420; *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir.1998). Clearly, Petitioner does not have a protected liberty interest in a § 3621(e)(2)(B) sentence reduction; therefore, he was not entitled to the protections of the Due Process Clause when the BOP deemed him ineligible for the sentence reduction.

Likewise, the Petitioner's claim under the Administrative Procedure Act (APA) also fails. The Fifth Circuit has determined the Bureau of Prisons' internal agency guidelines are interpretive rules not subject to the notice-and-comment requirements of the Administrative Procedure Act. *Vengas,* 26 F.3d at 763. Program statements are considered "interpretative

rules" promulgated internally by the BOP and therefore not subject to the APA. *See Tasby v. Pratt*, No. 4:01cv959, 2002 WL 1160071, at *5 (N.D.Tex. May 29, 2002)(finding APA inapplicable to the Bureau's program statement implementing the exclusion of inmates with convictions involving firearms from early release eligibility under § 3621 (e)(2)(B)) (*citing Royal v. Tombone*, 141 F.3d 596, 600 (5th Cir.1998)).

Furthermore, Petitioner's conclusory statement that his rights under the Equal Protection Clause were violated when the BOP deemed him ineligible for this sentence reduction, also fails to rise to the level of a constitutional deprivation. Petitioner has failed to assert how he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent," as is necessary to state a valid claim under the Equal Protection Clause. *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir. 2004)(*citing Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)).

## Conclusion

As explained above, Petitioner has not suffered a constitutional deprivation entitling him to habeas relief. Accordingly, this petition for habeas corpus relief will be denied and this case will be dismissed, with prejudice. A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the 16th day of April, 2009.

s/David Bramlette
UNITED STATES DISTRICT JUDGE